The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064
Dear Representative Lamoureux:
I am writing in response to your request for my opinion on the following questions:
 1. What effect does an order of expungement or order to seal have on an arrest report?
 2. Can the order of expungement or order to seal legally require the custodian of the arrest report to "seal" or remove from availability to the public the arrest report subject of the order of expungement or order to seal?
 3. Would the expunged or sealed reports be exempt from subsequent FOIA requests?
RESPONSE
With respect to your first question, unless a law specifically provides otherwise, the expungement and sealing of an arrest report will sharply restrict its disclosure and enable the arrestee to represent that no such report exists. A.C.A. §§ 16-90-901 through -906. In my opinion, the answer to your second question is "yes." A.C.A. § 16-90-901(a)(1). I believe the answer to your third question is likewise "yes," although certain individuals and agencies might access the sealed report pursuant to A.C.A. § 16-90-903.
Question 1: What effect does an order of expungement or order toseal have on an arrest report?
I assume you are referring to an expungement and sealing of records pursuant to the procedure set forth at A.C.A. §§ 16-90-901 through -906 (Supp. 2003). Subsection 16-90-901(a)(1) provides:
 As used in §§ 5-64-407, 5-4-311, 16-90-601, 16-90-602, 16-90-605, 16-93-301 — 16-93-303, and 16-93-1207, "expunge" shall mean that the record or records in question shall be sealed, sequestered, and treated as confidential in accordance with the procedures established by this subchapter.
The referenced statutes all refer to expungements following a determination that the individual seeking the expungement and sealing of records has committed some sort of offense. Sections 16-90-901 through -905 were all enacted pursuant to Act 998 of 1995 and address the procedure by which such individuals might seek this relief. See, e.g.,
A.C.A. § 16-90-904(a) ("Any individual who is eligible to have an offense expunged. . . ."). By contrast, A.C.A. § 16-90-906, enacted pursuant toAct 738 of 1997, applies to "[a]ny individual who has been charged and arrested for any criminal offense where the charges are subsequently nolle prossed or dismissed, or the individual is acquitted at trial." This statute provides that such an individual "is eligible to have all arrest records, petitions, orders, docket sheets, and any other documents relating to the case expunged in accordance with the procedures defined by this subchapter and upon entry of an order of expungement may state that no such charges, arrest, and the resulting trial ever occurred."
Subsection 16-90-904(b)(1) provides that any petition for the sealing of records be served both upon the prosecuting authority and the arresting authority. Subsection 16-90-904(d) directs that upon issuance of a uniform order to seal records, the order will be certified to "the prosecuting attorney who filed the underlying charges, the arresting agency, the Administrative Office of the Courts, and the Arkansas Crime Information Center."
With respect to the effect of such an expungement, A.C.A. § 16-90-902
provides:
 (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
 (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.
Subsection 16-90-905(a)(3)(B)(vi) provides that an order to seal records specify the records to be sealed.
In my opinion, these statutes establish that an expungement entitles an arrestee to a complete exoneration and restoration of rights unless in particular instances the law dictates otherwise. A sealing of arrest records further entitles an arrestee to represent that no arrest records exist.
Question 2: Can the order of expungement or order to seal legally requirethe custodian of the arrest report to "seal" or remove from availabilityto the public the arrest report subject of the order of expungement ororder to seal?
In my opinion, "yes." See response to question 1 and A.C.A. §16-90-901(a)(1).
Question 3: Would the expunged or sealed reports be exempt fromsubsequent FOIA requests?
In my opinion, "yes," although the records might be made available to various requestors pursuant to A.C.A. § 16-90-903.
Subsection 25-19-105(a)(1), which is contained in the Arkansas Freedom of Information Act, A.C.A. § 25-19-101 et seq. (Repl. 2002 Supp. 2003), provides that public records will be open to inspection by any Arkansas citizen "[e]xcept as otherwise specifically provided . . . by laws specifically enacted to provide otherwise." Among the laws marking an exception to the FOIA is A.C.A. § 16-90-903, which provides:
 (a) The custodian of the records shall not disclose the existence of such records or release such records except when requested by:
 (1) The individual whose records were sealed or the individual's attorney, authorized in writing by the individual;
 (2) A criminal justice agency, as defined in § 12-12-1001, and the request is accompanied by a statement that the request is being made in conjunction with an application for employment with such agency by the individual whose record has been sealed;
 (3) A court, upon a showing of a subsequent adjudication of guilt of the individual whose record has been sealed;
 (4) A prosecuting attorney, and such request is accompanied by a statement that the request is being made in conjunction with the prosecution of an offense;
(5) The Arkansas Crime Information Center.
 (b)(1) As used in this section, "custodian" shall not mean the Arkansas Crime Information Center.
 (2) Access to data maintained by the Arkansas Crime Information Center shall continue to be governed by § 12-12-1001 et seq.
In my opinion, this statute alone will control in determining who may have access to sealed arrest reports. Moreover, A.C.A. § 25-19-105(b)(8) exempts from disclosure under the FOIA "[d]ocuments that are protected from disclosure by order or rule of court."
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh